# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 2, 1904.

JOHN W. THOMAS
VS.
JOHN MULHOLLAND AND WILLIAM A. HETLICK.

*John L. G. Lee* for plaintiff.
*Gans & Haman* for W. A. Hetlick.

SHARP, J.—

The bill in this case was filed by the plaintiff against the defendants to obtain an injunction.

The bill alleges that a loan of ninety dollars was made by the defendants to the plaintiff in June, 1901, secured by an assignment of the plaintiff's sal-

ary; that the plaintiff had since the loan paid the debt, but the defendants claim the plaintiff still owes them the debt, and threatens to file the assignment with the plaintiff's employer, the B. O. R. R., and issue an attachment. According to the practice of that corporation, this action will involve the discharge of the plaintiff from its employment.

The sheriff's return to the writ was non sunt, subsequently the defendant, Hetlick, appeared and filed an answer setting up certain defences. Mulholland has never been summoned, nor has he appeared in the case.

The general replication was entered and testimony taken under the thirty-fifth rule. The plaintiff testified that he had since the loan to him in November, 1901, paid to the defendants over one hundred and forty dollars, being interest at the rate of over five per cent. per month.

It appears from the evidence that Mulholland is the principal in the transaction and Hetlick a mere agent, having no personal interest whatever. Under these circumstances the case is controlled by Binney's case, 2 Bland, 99.

In that case a bill was filed against the officers of the C. & O. Canal to obtain an injunction to prohibit that corporation from doing certain acts alleged to be injurious to the plaintiff's property. The corporation was not made a party to the proceedings. The Chancellor said, page 107:

"The whole cause of complaint is against the corporation, and therefore, it is evident that the relief to be at all effectual, whether by an injunction or in any other shape, must be imposed upon and directed against the corporation, specially complained of as the cause of the alleged wrong. It would be futile to bind up the hands and give relief against the servant while the master was left free.

"And so in this instance it would be of no service to this plaintiff, and insure to him nothing of the substantial relief he seeks by enjoining the present officers and agents of this body politic since in doing so the court would employ its powers against improper objects and therefore ineffectually.

"For if the present officers and agents were restrained, others might be instantly employed so as to immediately prosecute the alleged mischievous work. And the judicial authority would have gone forth, not to prevent wrong, but to induce a corporation to change its officers and agents, which would be idle." The preliminary injunction which the chancellor had issued was dissolved and the bill was dismissed. See also Bosley vs. Susquehanna Canal, 3 Bland, 65. Tartar et al. vs. Gibbs, 24 Md., 336.

A petition was filed by Thomas asking that the assignment made by Thomas to Mulholland, which had been produced by Hetlick as evidence in the case, be impounded and a receiver be appointed to take possession of it. This document is the property of Mulholland. He is not a party to the case. He cannot be deprived of his property except by due process of law. He must have notice of the claim against him and an opportunity to be heard.

It may be that relief by way of injunction could be had if service could be had on him, either in this State, or at the place of his residence. If he should come into court as plaintiff, either in an action at law or in equity, it may be the facts relied on by the plaintiff would constitute a sufficient defense, but no decree can be passed against him in proceedings to which he is not a party.

Pursuant to the precedent in Binney's case, the bill will be dismissed.